DAVID G. POWER, Plaintiff in Error,

*vs.*

CHARLES I. KANE, Defendant in Error.

ERROR TO MILWAUKEE COUNTY COURT.

It is the custom of land agents or brokers in Milwaukee to charge and receive three per cent. of the amount of the purchase money. K. verbally employed P., a land broker, to sell for him certain lands, at a fixed price. P. found a person who was ready and willing to purchase on the proposed terms, when K. refused to sell. P. then brought suit declaring upon a contract or promise of K. to pay three per cent. of the purchase money, agreeably to usage in such cases. But it was held that such rate of compensation, and such implied contract, depended upon the consummation of the sale.

Usage, in order to enter into and become a part of the law of contracts or trade, must be established so clearly and explicitly, and be so notorious, that the parties must be presumed to know it, and to have contracted in reference to it.

ACTION of assumpsit brought by the plaintiff in error against the defendant in error to recover commissions for procuring a purchaser for certain lands of the defendant in the city of Milwaukee. The declaration was in the common counts, with a bill of particulars, stating the plaintiff's demand as three per cent. upon the amount of the purchase money. Plea, *non assumpsit.*

The trial was by the court, a jury having been waived by the parties. The evidence submitted on the trial was duly brought to the record by bill of exceptions, as well as the rulings of the judge; but the facts of the case are fully presented, so far as they are at all material, in the finding of the court thereon, set forth as follows:

"The evidence having been submitted, the judge aforesaid found and decided that the following state of facts was made out, to wit:

"The defendant verbally employed the plaintiff, who was a land agent, doing business as such in the city of Milwaukee, to sell for him a piece of land in the First Ward of said city. The

plaintiff found a purchaser for the land, and executed to him a contract for the sale of the same, signed 'Charles I. Kane, by D. G. Power.' The defendant (who was then absent from the city), on his return, at first promised the purchaser that he should have the lands on the terms mentioned in the contract above named; stating, however, that the plaintiff had no authority to sell it. He afterwards refused to convey, and the sale was never consummated. The purchaser was ready and willing to complete the purchase according to its terms, and the sale was broken off only on account of the refusal of the defendant to convey to the purchaser. The usual commissions of land agents in the city of Milwaukee are three per cent. on the amount of purchase money, which commission in this case amounted to the sum mentioned in a memorandum made by the defendant.

"Upon which the said judge decided that the plaintiff was not entitled to recover, and found for the defendant, on the ground that the sale was not completed, and therefore the plaintiff was not entitled to a commission. To which decision the plaintiff's counsel excepted, and he moved for a new trial, on the ground that the decision was against law and evidence. The motion being overruled, and exception taken, judgment of nonsuit was entered."

*Smith & Salomon*, for the plaintiff in error, contended that the contract was fully performed on the part of the plaintiff, and that he was entitled to recover the usual commission. The true construction of a land agent's contract is, that he shall find and present to the owner of the land, a customer able and willing to purchase on the terms proposed by the vendor. More he cannot do. *Dart on Vendors*, 86, 210.

If the contract be so construed, that the commission depended upon the consummation of the sale, we answer, that the sale was made and is legally binding. Power, on Kane's behalf, contracted in writing with the purchaser, and the bargain was complete, and either party could have it enforced. An agent's authority to give a written contract for the sale of land,

need not be in writing. *Rev. Stat. p.* 388, § 6 ; *Dart on Vendors,* 84 ; *Paley on Agency,* 159.

The contract was tantamount in equity to a deed and mortgage. *Jones vs. Judd,* 4 *Const.* 412.

The counsel for the plaintiff in error, also · cited the following authorities, in support of the positions taken by them. *Dart on Vendors,* 82, 86 ; *Paley on Agency,* 101 ; 7 *Bing.* 237, 241 ; 1 *Taunt.* 12 ; 3 *C. & P.* 559 ; 7 *id.* 584 ; 4 *Camp.* 96 ; 5 *Taunt.* 302 ; *id.* 521.

In any event, the plaintiff was entitled · to recover a *quantum meruit,* and the rate of commissions on sale was adequate evidence to guide the judge in finding the amount, and the nonsuit was unwarranted.

*Brown & Ogden,* for the defendant in error, contended that the whole question of the right of the plaintiff to three per cent. commission, as such, under the custom of land agents in Milwaukee, was one of fact, and that this court cannot review the decision of the court below, as to what the custom was. The plaintiff based his whole right upon that custom, and he must abide the decision. This identical question, as applicable to brokers, was decided in *Broad vs. Thomas* (7 *Bing.* 99) ; *Reed vs. Rann* (10 *Barn. & Cress.* 438).

The plaintiff below waived a jury, and submitted the matter to the court ; it is, therefore, indifferent what reason the court might give for its decision, either upon the law or facts. A writ of error will not lie. *Carroll vs. Richardson,* 9 *Mass.* 329 ; *College of Physicians,* 12 *Mod.* 386 ; *Baron vs. Ward,* 1 *Mass. and note a, and cases there cited* ; 3 *Blackst.* 377 ; *Stephens' Pl.* 92.

*By the Court,* SMITH, J. We think the judge below decided correctly, that the plaintiff below was not entitled to recover. The·compensation of the plaintiff was to be, according to usage, three per cent. on the purchase money. If there is no purchase there is no compensation ; it all depends upon the consumma-

tion of the sale. Power had no authority to make a written contract of sale, and there was, in fact, no sale ; and it makes no difference whether the bargain failed through the default of Kane or the purchaser. The plaintiff took the risk of both, and depended for his compensation upon his skill and fortune, in consummating the sale. This is evident from the fact that the amount of compensation was not at all to be regulated by the amount of labor, time and skill employed, but wholly upon the amount of the purchase money, no matter at how much or little cost of the former, the purchase might be effected. To allow a recovery upon a state of facts, such as this record presents, would open a door to endless frauds, and no one could tell how soon he might be called upon to pay three per cent. upon the value of his estate. As before remarked, the fact that the amount of compensation depended upon that of the purchase money, and that this amount is fixed by usage, is clear evidence that without a sale there was to be no reward. The evidence of usage is rather frail to establish the fact sought to be proved by it, and certainly its effect ought not to be extended beyond its clear import ; which is, that it is the custom for the agent in such cases to charge three per cent. upon the amount of the purchase money paid by the vendee, and received by the vendor. Whether or not the plaintiff would be entitled to a *quantum meruit* for his services actually rendered upon an employment by the defendant, it is unnecessary to determine, as that is not his claim. His demand is three per cent. upon the amount which it is alleged Lockwood was ready and willing to pay. There is no proof of any contract to pay that amount, nor any proof of a usage that would entitle him to it, because there was no money paid, or agreed to be paid, nor any proof that his services were worth that amount.

It is not denied that usage may enter into and become a part of the law of trade, or that the law is to be applied to the transactions of parties, contracting and doing business in view of, and in reference to such usage. But it is not readily adopted by courts, and the proof of such usage must be clear and explicit, and the usage so well established, uniform, and so notorious

that the parties must be presumed to know it, and to have contracted in reference to it. 3 *Watts*, 178; 3 *Wash. C. C. R.* 150; 1 *Gallis*, 443; 5 *Bin.* 287; 9 *Pick.* 426; 4 *B. & Ald.* 210; 2 *Met.* 65; 2 *Gill & J.* 136; 5 *Wheat.* 326; 15 *Mass.* 433; 1 *N. & M.* 519; 2 *Sumn.* 377; 3 *Chitt. Pr.* 55; 1 *Dall.* 178. Even if the usage established among land brokers themselves is sufficient to entitle them to recover three per cent. upon the amount of the purchase effected through their agency, it has no efficacy until the sale is consummated.

If the doctrine contended for by the counsel for the plaintiff in error be correct, his claim would be equally valid against the legal representatives of the defendant, even though the bargain had failed through the death of the latter.

The judgment of the court below is affirmed, with costs.