## Scott and others vs. Whitney.

SALE OF CHATTELS: EVIDENCE: CUSTOM. *(1) Agreement for estimate by third person. (2) What custom binds.*

1. On a sale and delivery of lumber, where it is a part of the agreement between the parties that the quantity and quality shall be estimated by a third person named, his estimate is binding, unless impeached for fraud or mistake.
2. The lumber sold being, at the time of sale, piled in a certain city in another state, evidence of a custom in that city that when lumber had been estimated in the pile, the seller should deduct from the estimate one half the sheeting contained therein, was inadmissible without proof that the custom was known to the parties, or had existed so long as to warrant a presumption that they contracted with reference to it.

APPEAL from the Circuit Court for *Portage* County.

Action for the recovery of $2,525, with interest, as a balance due the plaintiffs from the defendant for a certain quantity of lumber delivered by the former to the latter at St. Louis in 1874, under certain contracts between the parties. The complaint alleged that the lumber so delivered was measured and estimated, pursuant to said contract, by one Weber, at St. Louis, and amounted to 380,572 feet, according to his estimate. The answer alleged a warranty of the quality of the lumber, and a breach thereof to defendant's damage; and a custom at St. Louis, by virtue of which a certain portion of said lumber, containing 72,634 feet, as measured by Weber, should be estimated at 36,617 feet. Defendant also, upon other grounds, disputed the claim in respect to 25,115 feet of the lumber delivered. The plaintiffs had a verdict for $1,037, and interest; a new trial was denied; and defendant appealed from a judgment on the verdict.

The errors alleged will appear from the opinion.

*H. W. Lee*, for the appellant, contended, among other things, that the court erred in submitting to the jury the question as to the quantity of merchantable lumber delivered;

because the measurements of said lumber were in writing, and, though such writings were put in evidence by the defendant, their construction was for the court alone. 2. That the court erred in striking out the evidence introduced by the defendant relating to the alleged custom at St. Louis in measuring lumber. It is a valid custom, not inconsistent with the contracts, and one with which the parties must be supposed to have been acquainted.

The cause was submitted for the respondent on the brief of *D. Lloyd Jones*, who argued, among other things, that the evidence of the alleged custom at St. Louis was properly rejected. To be binding upon the parties, a custom must be open, notorious, and so well known and established that the court would presume that the parties contracted with reference to it. 2 Parsons on Con., 541 and note, and 545 and note; *Stewart v. Scudder*, 2 Am. Law Reg., 80; *Jordan v. Meredith*, 3 Yeates, 318; 50 Barb., 62, 288; 4 Hill, 104, 107; *Power v. Kane*, 5 Wis., 265; *Hall v. Storrs*, 7 id., 253; *Lamb v. Klaus*, 30 id., 94; 18 Am. Rep., 200, and note. This custom was unreasonable, since it required plaintiff to donate to defendant a large amount of lumber shown by preponderance of evidence to have been merchantable; it was a mere local custom, based upon an ordinance of the city; and the plaintiffs' testimony shows that they had no knowledge of it.

COLE, J. Under the pleadings in this case, there can be no controversy as to the amount of lumber delivered on the contracts; for there was really no issue between the parties on that question. The plaintiffs alleged in their complaint, that they had delivered on their first contract two hundred and seventy-four thousand, eight hundred and eighty five feet of merchantable white pine lumber, and on the second contract three hundred and eighty thousand, five hundred and seventy-two feet, according to the estimates made by Weber. In his

answer, the defendant practically admits that this quantity of lumber was delivered; but he claims that there should be a deduction, under the custom or usage relied on in his defense, of one-half of the sheeting. But, as the estimates of Weber are really relied on by both parties as correct so far as quantity is concerned, it is obvious that all questions relating to that point drop out of the case or become immaterial.

It is admitted that the lumber delivered on the first contract did not contain forty per cent. of what is designated in the agreement as "first and second clear plank," and therefore did not answer the warranty. The amount of damages which the defendant was entitled to recover on account of the failure to deliver lumber of the quality called for, was a question litigated on the trial, and upon which considerable testimony was given. The circuit court charged as to the rule of damages, that the defendant was entitled to recover the difference in value between the amount received, of the quality described in the contract, and the amount of lumber of the quality received. There was no exception taken to this charge in respect to the measure of damages, and it was clearly correct. It was claimed, however, on the part of the defendant, that Weber was to inspect as well as measure the lumber; and upon that point the court, in substance, directed the jury, that if they found from the evidence that both questions were referred to him as an umpire, then his statements as to quality and quantity would be binding on the parties, unless they were impeached for fraud or mistake. No serious fault is found with this direction.

The defendant set up in the answer, that at the time the lumber was estimated by Weber, it was, and for a long time prior thereto had been, the custom in the city of St. Louis, among all persons buying and selling lumber in the pile, to estimate the lumber in the pile full — as by such estimate the drawing, hauling and piling is paid; but that the seller deducts from such estimate one-half of the sheeting contained

in the lumber thus estimated, to make the same hold out measurement. In respect to this defense the court below ruled, that evidence of the custom in St. Louis that one-half the sheeting should be deducted, was inadmissible, unless such evidence showed that the parties had knowledge of the custom, or it had existed so long a time as to warrant the presumption that the parties contracted with reference to it. This ruling was in accordance with the doctrine laid down by this court in *Power v. Kane,* 5 Wis., 265; *Hall v. Storrs,* 7 id., 253; *Marshall v. Am. Express Co.,* id., 1; *Keogh v. Daniell,* 12 id., 163; *Lamb v. Klaus,* 30 id., 94; and need not be further considered.

Whether sheeting was merchantable lumber or not, was a question fairly submitted to the jury upon the evidence.

These observations dispose of all of the points in the case which we deem it necessary to notice.

*By the Court.* — The judgment of the circuit court is affirmed.

A motion for a rehearing was denied.