## HINTON vs. COLEMAN.

45   165
75   141|

CUSTOM: EVIDENCE. *(1, 2) Proof of binding usage of trade. (3) Of alleged debtor's assent to rates charged.*

1. A usage of trade, to be binding upon parties in the absence of an express agreement, must be clearly proven, and shown to have been so well established, uniform and notorious that the parties must be presumed to have known it, and to have contracted with reference to it.
2. In an action to recover compensation for purchasing for defendant real estate in a certain city, where there was no agreement as to the commission, but the complaint alleged, and the answer denied, that the services were worth three per cent. of the purchase price, and that this was the customary rate for such services in said city, plaintiff testified in his own behalf that such was the customary rate, but three other persons, who were also real-estate brokers in said city, testified for defendant that there was no uniform custom in such cases. There was no other evidence of the value of the services. *Held,*

    (1) That it was error to submit to the jury the question whether there was a customary rate.

    (2) That, upon the evidence stated, plaintiff could recover no more than *nominal* damages.
3. Where one to whom a bill for services is presented, denies absolutely his liability for the services, the mere fact that he does not further object to the rate of compensation named in the bill, is no evidence of the value of the services.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover compensation for purchasing for the defendant certain real estate in the city of Milwaukee. The complaint alleges that plaintiff was employed to purchase certain real estate for defendant, known as the European Hotel, in the city of Milwaukee; that, pursuant to such employment, he purchased the same for the sum of $20,000; and that the same was duly conveyed to defendant, and he accepted a deed thereof. It then alleges: "that plaintiff's said services were reasonably and fairly worth, and plaintiff deserves to have and receive therefor from defendant, the price and sum of three per cent. upon such purchase price, which was the usual and customary price in said city for like services, amounting to the sum of six hundred dollars;" and it demands judgment for $600 and interest.

The answer denies the employment; denies specially that plaintiff's services were worth three per cent. upon the purchase price of said property; and denies that three per cent. is the usual and customary price in said city for like services.

Plaintiff's evidence tended to show that he was employed by defendant to make the purchase, and did make it as alleged in the complaint. Upon the subject of the value of his services, the only evidence for plaintiff was the following: " *Question.* Was there a customary rate of commission on the purchase and sale of real estate in Milwaukee, at the time of this sale, in the absence of express agreement as to the rate? *Answer.* There is. The rate is three per cent. on the price paid." This evidence was given by the plaintiff himself, as a witness in his own behalf. He further testified that he asked defendant for his commission; that defendant said he ought to get it out of Jermain, that he [defendant] had paid a good deal for the property; that he replied he had nothing to do with Jermain; that there was an express agreement, that Jermain paid him nothing; that he had purchased the property for the defendant at his request. " Defendant shook his head at that, and I left him. At the same time I presented a bill to the defendant." The bill was read in evidence, as follows:
" W. W. COLEMAN, Esq., to JOHN W. HINTON,      ·      Dr.

To services as real-estate broker in the purchase of the property called the European Hotel, on the southwest corner of Broadway and Mason street, which purchase was made at your special request from T. D. Jermain for you; three per cent. commission on $20,000 — $600. Received payment."

The defendant proved by several witnesses that there was no uniform custom in the city of Milwaukee to pay three per cent. commission on the sale or purchase of real estate, nor any other fixed sum.

Defendant's counsel requested the court to charge the jury as follows: " 1. If the jury find that there is no uniform rate of charges for such services as are claimed to have been rendered in this case, which is well understood between parties dealing in real estate and real-estate brokers, then there can be

Hinton vs. Coleman.

no recovery beyond nominal damages. 2. In order to constitute a custom, it must be so notorious and certain that those people usually dealing in real estate shall know of the existence of the custom and understand its terms. If the proof shows that persons so usually dealing in real estate are not aware of the rule or custom, or do not understand or agree upon its terms, then the custom is not proved. 3. You are to get at this fact like any other. There are three witnesses testifying that there is no such custom, and but one testifying that there is. If they are equally intelligent, equally trustworthy, then the testimony of the three should be taken to disprove the existence of the custom." The judge refused to give the first and third of these instructions. He charged the jury generally as to what proof was necessary to establish a custom, and the charge in that respect was perhaps not erroneous; but he at the same time submitted the question to the jury, whether the evidence in the case established a custom such as was set up in the complaint, and also the question whether the plaintiff was, under the evidence, entitled to a verdict for more than nominal damages. He also charged the jury that, in fixing the amount of damages, they might take into consideration the evidence of the plaintiff that he presented a bill for his services, in which he claimed that they were worth $600, and whether, upon the presentation of such bill, defendant took any exception to the amount of compensation claimed therein. The language of this part of the charge, to which exception was taken, was as follows: "If you believe, from the testimony, that plaintiff was employed by defendant to perform these services, and also that, when the sale was effected and the title passed, he presented to defendant an account for these services, and defendant made no objection to the account, to the value as charged for the services, and retained the account, then the law presumes that he was satisfied with the charge. And if you find, from the circumstances surrounding the case and from the testimony, that such a bill was presented, and are satisfied that defendant made no exception to the amount of the charge, then I say you should

take that into consideration, and determine whether or not you will give to the plaintiff more than nominal damages in this case."

Defendant also excepted to that part of the charge which was given in reply to the following question by a juror: "I want to know if we will be allowed to give him anywhere between nominal damages and the price determined?" "I simply say you are to give the plaintiff what you consider, under the testimony, his services to be worth."

Verdict and judgment for the plaintiff, for $400; and defendant appealed from the judgment.

*E. Mariner*, for the appellant.

For the respondent, there was a brief signed by *Jenkins, Elliott & Winkler*, and oral argument by *D. S. Wegg*.

TAYLOR, J.    It is insisted by the appellant that there was no evidence in the case which would authorize a verdict for anything more than nominal damages, and that the court erred in submitting the question as to the amount of damages to the jury; that the court should have directed the jury to return a verdict for nominal damages only; that the court erred in submitting the question to the jury, whether a custom to pay a fixed compensation for services such as were proved to have been rendered by the plaintiff, had been established by the proofs, and in that part of the charge which directed the jury to consider the question of the presentation of the account, in arriving at the amount of their verdict.

We are of the opinion that there was not sufficient evidence in this case to establish the fact that there was a custom in the city of Milwaukee, as charged in the complaint and as attempted to be proved by the plaintiff, viz.: "that, in the absence of an express agreement as to the rate of compensation to be paid to a real-estate agent or broker for his services in purchasing or selling real estate in the city of Milwaukee, there was a uniform, customary rate of compensation, which was three per cent. of the price paid."

The only witness who testified to the existence of such a

customary rate of compensation, was the plaintiff himself. On the other hand there were three other witnesses, apparently equally competent and having equal opportunities for knowing of the existence of such customary rate, if it existed, who say there was no such custom. It is clear that such evidence did not establish the existence of the custom claimed, and the judge should have so charged the jury. Upon this point we simply cite the cases in this court which sustain our position, as the counsel for the respondent, in arguing the case here, freely admitted that the evidence was insufficient to establish such custom. *Power v. Kane*, 5 Wis., 265; *Hall v. Storrs*, 7 id., 253; *Lee v. Merrick*, 8 id., 229; *Keogh v. Daniell*, 12 id., 163.

The first case above cited involved the question as to the same custom set up in the case at bar. Justice SMITH, who delivered the opinion, says: " It is not denied that usage may enter into and become a part of the law of trade, or that the law is to be applied to the transactions of parties contracting and doing business in view of and in reference to such usage. *But it is not readily adopted by courts, and the proof of such usage must be clear and explicit, and the usage so well established, uniform, and so notorious that the parties must be presumed to know it and to have contracted in reference to it.*" The rule as to the nature and *quantum* of evidence necessary to establish a custom is well stated in the language of the court above quoted, and we are not disposed to change it.

But the respondent's counsel insist that, in the absence of any sufficient evidence to establish the fact that there was a customary rate of compensation for the services performed by the plaintiff for the defendant, the judgment ought not to be reversed, because there was evidence to go to the jury upon the question of the value of the plaintiff's services, irrespective of any customary rate of compensation, and that the plaintiff is entitled to a verdict upon a *quantum meruit*.

The complaint is no doubt broad enough to admit of evidence of the value of the services rendered, without proof of

the customary value; but we are unable to find any evidence tending to show the actual value of such services.

The plaintiff, who was the only witness upon this question in his own behalf, does not swear that his services were worth anything. His statement is, that there was a custom in the city of Milwaukee to charge three per cent. on the purchase price when there was no special agreement. This evidence was only pertinent to prove a customary price, or rather a price fixed by custom, and not to prove the value of the particular service performed in the purchase of the property in question. Had the plaintiff succeeded in proving the custom as to compensation, it would have been entirely immaterial what the real service performed was, or what was the actual value of such service. As was said by Justice SMITH in the case of *Power v. Kane, supra,* speaking of the custom that the price was a percentage of the purchase money, "the amount of compensation is not at all to be regulated by the amount of labor, time and skill employed, but wholly upon the amount of the purchase money, no matter at how much or little cost of the former the purchase might be effected."

It is now urged that the answer of the plaintiff, that the customary price, or price by custom, was three per cent. of the purchase money, is evidence of the value of the services rendered, to sustain the recovery upon a *quantum meruit.* It is clear that the case did not proceed upon that theory on the trial in the court below, and that it is taken for the first time in this court. The learned circuit judge before whom the case was tried, did not so understand it. He treated the evidence of the plaintiff on this point as tending only to prove a fixed price by custom, and so charged the jury. We think he was right in thus viewing this evidence. This evidence only tended to prove a value for the services rendered, which had been fixed by a known and uniform custom in the city of Milwaukee, and did not prove or tend to prove the actual value of the services rendered in the case independent of such custom.

We think the learned judge erred in holding that the evi-

dence given in this case as to the presentation of the bill for services tended to establish the value of such services. The evidence simply shows that a written bill was shown to the defendant, not delivered to him, and that, at the time the same was so exhibited, he refused to pay, and told the plaintiff he ought to get his pay of the other party. . Most certainly that evidence did not tend to prove the value of the services rendered. It was simply a declaration on the part of the plaintiff, not under oath, that he claimed that his services were worth a certain sum. The defendant, having declared that he was not under any legal obligation to pay any part of the bill, and having refused to pay it, was not called upon to dispute its amount; and his silence upon that subject should not be construed into an admission on his part that the amount stated in the bill was the proper charge for the service performed. We think the case of *Cobb v. Arundell*, 26 Wis., 553, is conclusive upon this point. Justice PAINE, who delivered the opinion in that case, says: "Upon this evidence, Davy must be held to have been the agent of the plaintiffs for the purpose of tendering the articles to the defendant; and when, upon such tender, the alleged purchaser refuses to receive the property, and informs the agent that he never bought it, that is information to the principal. And if, after such a transaction, the principal sends bills to the alleged purchaser, including this property, the latter cannot be bound to constantly repeat his refusal and protest against such bills, under peril of being held to have admitted their correctness. When he has once informed the very agent sent with the property that he never ordered it, and refuses to receive it, he may rest upon that as a sufficient dissent." So in this case, the defendant having denied all liability for the plaintiff's claim and refused to pay any part of it, he was not called upon to dispute the correctness of the bill presented, as to the amount of the claim. We think there was no evidence in the case which justified the judge in submitting to the jury the question as to the customary rate of compensation which the plaintiff claimed, and that he also erred in

that part of his charge relating to the bill or account presented by the plaintiff, and which is above quoted.

*By the Court.* — The judgment of the county court is reversed, and the cause is remanded for a new trial.

RYAN, C. J., took no part.