SIMONSEN, Respondent, vs. FROEDTERT LUMBER COMPANY, Appellant.

*October 22—November 17, 1925.*

*Brokers: Employee effecting sale of business: Contract of employment: Rate of compensation: Questions for jury: Sunday work in connection with sale: Validity of contract: Trial: Perverse verdict: Uncalled-for addition of interest to damages.*

1. In an action on contract to pay a commission on the sale of a lumber yard, the evidence is *held* to present an issue of fact for the jury as to whether there was an agreement by defendant to pay plaintiff, an employee, a commission in case he procured a buyer for the business; and evidence that defendant desired plaintiff to make the commission rather than a broker, together with testimony as to the usual charge of brokers in similar transactions, is *held* sufficient to warrant a verdict for plaintiff for reasonable compensation on the basis of the customary rates paid to brokers. pp. 203, 204.

2. The fact that an agent, in preparing inventories and details for the sale of defendant's lumber yard to prospective purchasers, worked on Sundays does not affect the agent's right to compensation, where there was no showing that the contract for compensation or the closing of the sale between defendant and the purchaser was in violation of the Sunday statute. p. 204.

3. A verdict of the jury awarding the plaintiff damages "plus
interest from the date of sale" is not perverse, the uncalled-
for addition of interest being a superfluity and properly dis-
regarded by the court.    p. 205.

APPEAL from a judgment of the circuit court for Mil-
waukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed*.

Plaintiff for a number of years had been manager of
defendant's lumber yard in Milwaukee. He was also em-
ployed by two other corporations. Kurtis R. Froedtert was
the president as well as substantially the only stockholder
of each one of the three. Plaintiff was vice-president and
director of the defendant and held one share of stock in his
name, the real ownership of which, however, was in Froed-
tert. Plaintiff received compensation from each of the cor-
porations.

Plaintiff asserted that as a result of a conversation with
Froedtert in November, 1919, plaintiff undertook to nego-
tiate the sale of the stock in trade and the lumber business
of defendant, and thereafter one with whom he negotiated,
on December 19th closed a contract with Froedtert on behalf
of the defendant at a purchase price of $113,007.51. For
part of this price notes were executed extending over several
years, and the entire balance had not been paid at the time
of the trial of this action in February, 1925. No formal
demand was made by plaintiff for a commission or special
compensation on account of this transaction until February,
1922; plaintiff having in the meantime continued to serve
one or more of such corporations and having in September,
1921, negotiated the sale of the businesses being conducted
by the other two corporations. Plaintiff left defendant's
employ March 1, 1922, having commenced this action Feb-
ruary 28th.

In the complaint this cause of action alleged the employ-
ment of plaintiff as a broker or agent to procure a purchaser
for defendant's retail lumber yard at a price to be agreed
upon between defendant and such purchaser; the procuring

by plaintiff, in pursuance of said contract, of a purchaser, and the consequent sale; that the plaintiff's services in procuring said purchaser were reasonably worth the sum of $11,300.75, and that the defendant is indebted to the plaintiff in such sum for work, labor, and services rendered by plaintiff to defendant in procuring said purchaser.

By general verdict the jury found for the plaintiff and assessed his damages at $5,650 (being five. per cent. of the sale price), "plus interest of six per cent. from date of sale."

After motions by the respective parties judgment was ordered in favor of plaintiff, for said damages together with interest, but only from the commencement of the action. From such judgment defendant appeals.

For the appellant there was a brief by *Lamfrom & Tighe,* attorneys, and *Leon B. Lamfrom,* of counsel, all of Milwaukee, and oral argument by *Mr. Lamfrom.*

For the respondent there was a brief by *Bottum, Hudnall, Lecher & McNamara* of Milwaukee, and oral argument by *Frank L. McNamara.*

ESCHWEILER, J.  Defendant contends that the verdict in plaintiff's favor should have been set aside as contrary to the great weight of evidence; urging on this behalf the long delay of over two years after the rendition of the services before a claim for commission was made; the fact that plaintiff had expressed a willingness to leave the amount of compensation to be determined by Mr. Froedtert; that at one time $500 would have been an acceptable sum as compensation; that plaintiff's position as general manager, vice-president, and director of the defendant corporation establishes a presumption that the services were rendered by him as part of his duties to the company as such officer; the positive denial by Mr. Froedtert of any special agreement; and that all of these should have overborne in the minds of an unprejudiced jury the positive testimony of the plaintiff that

there was a special agreement between himself and Mr.
Froedtert.

A consideration of the testimony satisfies us, however,
that there was presented an issue of fact for the jury which
cannot now be disturbed.

Defendant further claims that in any event there was no
proper basis, either by the pleadings or under the evidence,
for any more than nominal damages.

Under plaintiff's testimony as to the conversation pre-
ceding the sale in 1919 Froedtert said that he would rather
see plaintiff "make the commission than an outside man, that
is, a business broker or a real-estate man." The only testi-
mony upon which the jury's assessment of damages at five
per cent. of the sale price can be supported is that given by
plaintiff's witness, a real-estate and merchandise broker of
eight years' experience in Milwaukee. He testified that he
was familiar with the usual and customary rates of com-
pensation paid to brokers on a sale of a business, as apart
from the sale of real estate, and that such rate was ten per
cent. on sales of $5,000 or less, and in excess of that five per
cent. No testimony was offered by defendant in contra-
diction. Defendant insists that under the complaint the
plaintiff was demanding judgment *quantum meruit* and not
upon an express contract, and that the testimony above indi-
cated, if proper in an action based upon an express contract
for the payment of a commission, was not proper evidence
of reasonable value in *quantum meruit*. There is cited in
this behalf the case of *Hinton v. Coleman,* 45 Wis. 165.
There the complaint alleged that the services of plaintiff in
negotiating a sale of defendant's real estate were worth
three per cent. of the purchase price and that such was the
customary rate in the city where the sale was made. Plaint-
iff alone testified as to such rate, while three other witnesses,
real-estate brokers, testified there was no uniform custom
to pay such rate or any other fixed sum. This court in dis-

posing of the case held that there was no sufficient evidence to establish the fact that there was such custom as was attempted to be proved by the plaintiff, and that upon the evidence as there presented the court should have instructed the jury that it was not sufficient to support the plaintiff's claim. Page 169. The situation here is clearly distinguishable from that there presented. Here the plaintiff testifies in effect that Froedtert on behalf of defendant was willing that plaintiff should receive that which would otherwise go to some broker. Such a broker testifies as to what such rate would be and defendant offered no evidence to the contrary. Whether the situation thus presented was strictly within the language of the complaint, or whether the complaint ought to be considered as having been amended at the close of the trial to more specifically allege a formal agreement to pay such customary rate of compensation, we deem entirely immaterial. The real question at issue was submitted to the jury by a charge in which they were instructed that the plaintiff had the burden of proving that a contract was made with the understanding that a commission for such services was to be paid to the plaintiff, and that if such were found, then the plaintiff would be entitled to a reasonable compensation for such services. No requests to charge were made or exceptions filed by defendant.

Defendant also argues that whereas the plaintiff testified that in preparing the inventory and details for presenting the matter of the proposed sale to prospective purchasers he worked on Sundays as well as evenings, that such violation of the statute prohibiting labor on Sunday made the entire transaction void and should prevent recovery. No claim is made that the contract for compensation or the closing of the transaction between defendant and the purchaser were either of them done in violation of this statute, and the objection is without substance.

It is further urged that the verdict must be held perverse because the jury added to the five per cent. of the sale price

found as damages a provision that there should be added thereto interest from the time of sale. This uncalled-for addition of interest was a superfluity rather than a perversity, was properly disregarded by the trial court, and cannot and ought not to work such a serious result as to require a new trial.

*By the Court.*—Judgment affirmed.