W. K. HENDERSON LUMBER CO. *v.* STILWELL & CO.

1. SALE—RECOUPMENT—SEVERABLE CONTRACT.

A contract for the purchase of 12 cars of lumber, to be shipped in car lots at different times, each car to be settled for when received, is severable, and the purchaser, who is sued for the price of four car loads, which he has received and refused to pay for, cannot recoup damages because the entire 12 cars were not shipped.

2. SAME—LOSS OF PROFITS.

A defendant who has received goods, inspected and kept them, knowing they did not comply with the contract for their purchase, cannot, in an action for the purchase price, recoup damages for loss of profits in his business.

Error to Wayne; Frazer, J. Submitted October 25, 1901. (Docket No. 90.) Decided March 26, 1902.

*Assumpsit* by the W. K. Henderson Lumber Company, Limited, against Stilwell & Company, for goods sold and delivered. From a judgment for plaintiff, defendant brings error. Affirmed.

*Trevor & Trevor*, for appellant.

*George E. Eckert*, for appellee.

MOORE, J. The plaintiff is a Louisiana corporation engaged in the manufacture of Southern yellow pine lumber. The defendant is a Michigan corporation engaged in buying and selling lumber in the city of Detroit. In 1897 a firm known as T. R. Brent & Son turned over an order from Stilwell & Co. to plaintiff in this case. This order was expressed in the following correspondence:

"SHREVEPORT, LA., Oct. 12, 1897.
"To STILWELL & CO.,
"Detroit, Mich.

"*Gentlemen:* T. R. Brent & Son, of Kansas City, have sent us an order for 12 cars of rough clear stock. * * * I have concluded to take the order at the prices he quoted, provided you can take the cars as I can get them out during the next 60 or 90 days. I will try to get the cars off as you suggest, but we have to ship rough clear finishing lumber from small mills that have no planers, and cannot control the mills as to how they ship, as it is impossible for them to get out just a certain size, but they have to cut whatever their logs will run. * * * We have entered the order as shown on the inclosed tissue copy, and also with the understanding that you are to give us 60 days' acceptance for the lumber as soon as the car is received and checked out, or discount the bill 2 per cent. If anything is wrong with the way we have agreed to enter these orders, please notify us immediately, as we do not want to ship it unless we have a satisfactory understanding in regard to it," etc.

To this defendant replied as follows:

"Oct. 16, 1897.
"To the W. K. HENDERSON LUMBER CO.,
"Shreveport, La.

"*Gentlemen*: Your favor of the 12th inst. at hand and noted. We accept the conditions you name in regard to the shipments during the next 60 or 90 days, and also as to shipping mixed widths and thickness in the same car, with this condition, viz. ⌐ * * * "

Ten or eleven cars were shipped under this contract. The defendant received the lumber when it came, but made complaints about the lumber not answering the requirements of the contract. It is also claimed by plaintiff that defendant did not make the payments as it agreed. It is claimed by plaintiff that full settlements were made for all the lumber shipped, except the four car loads which are the subject of this controversy. In the court below the plaintiff recovered a judgment. The case is brought here by writ of error. There are upwards of 40 assignments of error, but not many of them call for discussion.

Certain depositions offered by plaintiff were received in evidence. It is claimed this was error because they did not sufficiently identify the lumber as being the lumber in controversy here. An inspection of the depositions shows they clearly identify the cars in which the lumber was shipped. We think their admission was not error.

It is the claim of defendant it is entitled to recoup for damages because the entire 12 cars were not shipped. The judge charged the jury as follows:

"There is no dispute, as I understand it, upon the part of the defendant, that this lumber was received,—these four car loads. There was a controversy concerning the lumber that had been shipped before, the testimony showing that there were 12 car loads ordered; and it is claimed upon the part of the defendant in this suit that they have a right to go into this whole contract; that it is what they term a 'continuing contract;' and that they are entitled to show damages that they may have received on account of the first number of car loads not having come up to the requirements of the order. But as this suit is brought only to recover the value of these four cars, and it is claimed by the plaintiff that the pay for the other cars previously shipped had been settled, and that, in my opinion, not entering into the controversy here, I have ruled—and I think I am correct in that ruling—that nothing is to be considered by you in regard to the car loads that had been shipped previous to the four.

"It is also claimed by defendant that he has a right to recoup damages on account of not having received the 12 car loads that he ordered; that previous to the shipment of the balance which would amount to the 12, whatever that number may have been, a controversy arose between the parties in regard to the payment of these four cars; and I charge you that it was not required of the plaintiff to have filled the balance of the order unless the matters concerning the four cars had been adjusted between them. That is, the plaintiff had a right to receive his pay for the four cars, or have that matter in controversy settled, before he would be required to ship the balance of the order of 12 cars; so that, in my opinion, nothing is before you for consideration in this case except the question as to the four cars of lumber that have been testified to by witnesses in this controversy now before you for determination."

As before stated, the record shows that settlements were made for the cars shipped prior to the four in controversy. It is apparent that, while 12 cars were ordered, it was expected by the parties they would be shipped in car lots, and at different times; settlement to be made for each car when received. The contract was severable. The case is within *Williams* v. *Robb*, 104 Mich. 242 (62 N. W. 352).

It is claimed the court erred in relation to the measure of damages. The defendant had an opportunity to inspect the lumber. According to its version, knowing it did not comply with the contract, it received it and kept it. It seeks not only to recover damages because the lumber did not meet the requirements of the contract, but also for the loss of profits. The charge of the court upon this branch of the case was more favorable to the defendant than it was entitled to have given. See *Talbot Paving Co.* v. *Gorman*, 103 Mich. 403 (61 N. W. 655, 27 L. R. A. 96); *Williams* v. *Robb, supra*.

Judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.