STEVENS *v.* FORREST.

CONTRACTS—TENDER—SALES—BREACH OF CONTRACT.

Although a contract for the sale of 2,000 tons of coke to be shipped in carload lots which were to be paid for in cash on receipt of each car, was not breached by the seller returning by mistake to the purchaser a check that his clerk thought was too small, where he later expressed a willingness to accept the payment; nevertheless failure on the buyer's part to pay for 15 cars of coke, except under new conditions, not named in the contract, accompanied by his threat to decline further performance, operated as a breach of a non-severable condition and entitled plaintiff, the seller, to rescind.

Error to Genesee; Wisner, J. Submitted October 9, 1914. (Docket No. 42.) Decided December 18, 1914.

Assumpsit by Frederick B. Stevens against George
Forrest for the purchase price of some coke. Judg-
ment for plaintiff. Defendant brings error. Af-
firmed.

*Lee & Parker,* for appellant.

*Robert A. Howard (A. M. Schwarz, Morris Becker,*
and *Ray B. Johnston,* of counsel), for appellee.

KUHN, J. The plaintiff and the defendant in June,
1911, entered into a contract, by the terms of which
the plaintiff, who was a coke dealer in Detroit, agreed
to sell to the defendant, who was a retailer of coke
in Flint, 2,000 tons of coke, at the following prices:
$2.25 for egg, $2.10 for stove, and $2 for chestnut,
per ton, f. o. b. cars at ovens, to be paid for cash on
receipt of each car less 1 per cent. After some coke
had been shipped, a question arose between the par-
ties as to the price to be paid, and in October of the
same year a new agreement was made, by which the
plaintiff was to ship 17 cars, in addition to 4 cars then
in transit, at the prices fixed in the June contract, and
the balance of the 2,000 tons at a price 10 cents per
ton for each grade in advance of the old price.

The defendant paid cash on receipt of all cars of
coke until December 14, 1911, when the defendant, in
payment of a car of stove size coke billed to him by
the plaintiff at $60.64, sent the plaintiff a check of
$56.04, which was payment for stove coke at the price
fixed in the June contract, $2.10, less 1 per cent. dis-
count. The plaintiff returned the check, refusing to
accept it, but later admitted that it was an error of
his billing clerk, and that the amount in defendant's
check was correct. The defendant thereupon refused
to make any more payments, and after some corres-
pondence, on January 19, 1912, plaintiff sent defend-
ant a letter, claiming $736.21 due him for coke de-

livered at the agreed prices, and refusing to deliver any more, unless that amount was paid him. To this defendant replied that he would pay $100 on the arrival of each car of coke, the average cost of which was about $50, the difference between the cost of the car and the payment to apply on the old account until it was balanced; and, if the plaintiff did not accept this proposition, he would purchase the coke at the best price he could and charge the loss to the plaintiff. Plaintiff did not agree to this, and brought suit, which resulted in a verdict directed in his favor in the sum of $826.40.

Attached to defendant's plea of the general issue was a notice of recoupment, claiming damages in the sum of $2,000 because of plaintiff's failure to carry out the contract. A motion for a new trial was denied by the court. It is defendant's claim that the claim of recoupment should have been submitted to the jury. In support of this claim two propositions are relied upon:

"*First.* That the return of his check sent in payment of an invoice billed at a higher rate than the contract price was a breach of the contract.
"*Second.* That the contract was entire, and that the mere failure of defendant to pay for one or more installments was not such a breach of the contract as to justify plaintiff in rescinding the contract, and that plaintiff's subsequent refusal to deliver coke was a breach of the contract for which defendant could recoup damages."

It is true, as claimed, that plaintiff refused to accept the check, but, when he was satisfied that it was an error, he expressed his willingness to correct it, and in his communication of January 19th, making demand of payment, he made allowance for the error. There is no merit in this contention; as the sending of the check was nothing more than a tender of pay-

183 Mich.—15.

ment, and should have been kept good when the error was corrected. 38 Cyc. p. 161.

The contract between the parties provided for the delivery of 2,000 tons of coke, to be shipped in car load lots, to be paid for on delivery of each car. It is conceded that the defendant received 15 cars of coke which were not paid for, and it was clearly the right of plaintiff to demand payment therefor before shipping any more. The offer of defendant to pay $100 on each new car shipped, of which practically one-half was to apply on the old contract, was an attempt on defendant's part to impose new conditions on the contract, which, with his refusal to pay, entitled the plaintiff to refuse to make further deliveries of cars.

The contract was severable, as the shipments were to be made in car lots, and to be paid for as received. *Williams* v. *Robb,* 104 Mich. 242 (62 N. W. 352); *W. K. Henderson Lumber Co.* v. *Stillwell & Co.,* 130 Mich. 124 (89 N. W. 718).

Defendants rely upon the cases of *West* v. *Bechtel,* 125 Mich. 144 (84 N. W. 69, 51 L. R. A. 791), and *Welsh* v. *Maple Co.,* 161 Mich. 16 (125 N. W. 692). We think these cases are readily distinguishable from the case now before us. Both of these cases were brought for damages for breach of contract, and in both cases there was no evidence of an intention of the purchaser to abandon the contract. Here we have a refusal to pay for 15 cars of coke, and when the seller refuses to comply with new terms sought to be imposed by the purchaser, the purchaser threatens to abandon the contract. By his continued refusal to pay and trying to impose new terms, he forces the seller to rescind the contract, and then endeavors to cancel his debt by claimed losses, which, if there were any, were brought about by his own misconduct, and seeks thus to profit by his own wrong.

We are of the opinion that the judge was not in error in refusing to submit to the jury defendant's claim of recoupment, and the judgment is therefore affirmed.

MCALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.