## Thomas M. Breen *vs.* John D. Moran.

Argued Nov. 9, 1892. Decided Dec. 14, 1892.

Contract Interpreted by Circumstances and Local Custom.

The defendant being engaged under a contract with a city in constructing a sewer, the plaintiff, who was a manufacturer or quarryman, contracted to and did sell and deliver to him granite blocks of two specified sizes, viz., four by eight and six by six inches, respectively, at specified prices per "square yard;" it being understood that they were to be used in the construction of the sewer; there being no express agreement as to how the number of "square yards" of stone sold should be determined, whether by a measurement of the area of the completed stone work in the sewer, or by taking the aggregate measurement of the faces of the stone blocks. *Held*, that the circumstances with reference to

which the contract was made might be considered for the purpose of discovering the real intention of the parties, and that proof of a local custom under such circumstances, to measure stone in the completed structure, was competent, even though such a custom had not been pleaded.

### Measurement of Area of Paving.

In the floor of the sewer, which was paved with these stone blocks, was a considerable space filled by the defendant with cement and broken stone. In the settlement for the construction of the sewer, between the city and the contractor, the city measured the whole area of this floor as though it had been composed entirely of granite blocks. The court charged the jury in effect that they might consider that fact as a guide to ascertain the quantity of the granite. *Held* error, there being no controversy as to the area of the floor of the sewer.

### Implied Warranty that Stone Sold for Paving should be Reasonably Fit for the Work.

When a manufacturer contracts to sell and deliver chattels (not particularly designated) for a particular purpose, there is an implied warranty that they shall be of a quality reasonably fit for that purpose; and for a breach thereof the purchaser receiving and using the chattels may recover damages, such a case being distinguished from those of *Haase* v. *Nonnemacher*, 21 Minn. 486; *Maxwell* v. *Lee*, 34 Minn. 511; and *Thompson* v. *Libby*, 35 Minn. 443.

Appeal by defendant, John D. Moran, from an order of the District Court of Ramsey County, *Egan*, J., made April 23, 1892, denying his motion for a new trial.

Walter C. Doherty had a contract with the City of St. Paul to construct the Phalen Creek Sewer, and he sublet the work to defendant. The defendant contracted with plaintiff, Thomas M. Breen, for such granite blocks as should be needed in paving the floor of the sewer, to be cut at St. Cloud and shipped by rail and delivered on board the cars at St. Paul. The faces of the blocks were of two sizes, one four by eight inches and the other six by six inches. The amount used was to be determined by measurement of the face in the work as completed. For the square blocks plaintiff was to be paid $1.40 per square yard and for the others $1.70.

Plaintiff claimed for 3,357 square yards of square blocks, and 680 square yards of oblong, amounting to $5,855.80, on which he had been paid $5,163.30, and this action was to recover the balance, $692.50, and

And upon considering the question in all its bearings, I am well satisfied, that our own rule, and the rule of the English Courts, is better calculated to promote the ends of justice, and to preserve the analogies of the law.' One probable case will answer as a test. Suppose, that of any given number of partners, each separately acknowledges a debt due; now, according to the New-York rule, you are not permitted to give in evidence the declaration of any one, and the plaintiff must fail, although all. who are chargeable, admit the debt.

The written admission of the defendant, Campbell, having relation to a state of facts existing during the copartnership, although made after the dissolution, was admissible. I was, on the first view of this question, very much disposed to think, that the right to introduce this admission was waived by the subsequent examination of Campbell; but on looking more particularly into the report of the presiding judge, it seems to me to be obvious, that the plaintiff was driven to consent to, or propose his examination, as a witness, in consequence of the rejection of his written admission. This was an alternative, at best, dangerous to the plaintiff, and which was forced upon him by the error of the Court. I think therefore that a new trial ought to be granted, and it is accordingly so ordered. ·

COLCOCK, J. and EVANS, J. concurred.

Motion granted.