| | |
|---|---|
| 103 | 403 |
| 104 | 247 |
| 103 | 403 |
| d126 | 184 |
| 103 | 403 |
| s61NW | 655 |
| 130 | 127 |
| 103 | 403 |
| 139 | ¹374 |
| 103 | 403 |
| 147 | ¹402 |
| 103 | 403 |
| 150, | ²123 |

## THE TALBOT PAVING COMPANY v. CHARLES A. GORMAN.

*Sale—Warranty—Unfitness—Right of vendee—Waiver.*

1. There are cases which hold that an acceptance of goods precludes a recovery by the vendee, either by way of recoupment or in a suit against the vendor, of damages growing out of their failure to equal the specifications under which they were sold, and there are cases to the contrary. On principle, the distinguishing feature seems to be a warranty. If the sale is made without warranty, and an opportunity is afforded for ascertaining whether or not the goods conform to the description, the doctrine of *caveat emptor* applies, and an acceptance cuts off all rights of recovery. If, on the other hand, the sale is with a warranty, the vendee may lawfully receive the goods and recover or recoup damages upon the warranty, which is · held to be a collateral undertaking.

2. A paving company contracted for a quantity of stone of a given kind and stated dimensions. The stone were delivered, and used by the contractee upon jobs upon which it was at work. The contractee sued the contractor for the value of work alleged to have been necessarily done upon the stone in order to make them conform to the specifications under which they were furnished, and claimed that, inasmuch as the contractor knew what the specifications were, the law implied a warranty of fitness. And it is held that no such warranty can be implied; that the contractee, having furnished specifications, and having a right to insist that the stone should conform thereto, regardless of the contractor's judgment, cannot claim that the law should imply a warranty to make the stone conform to some other test, nor can it be said that knowledge on the part of the contractor of the use to which the stone were to be put required him to vary from his contract as to the dimensions of the stone.[1]

3. Whether the contract may be said to embrace an express warranty that the stone should conform to the specifications,— *quaere.*

---

[1] For cases discussing the question of implied warranty of fitness, see note to *McQuaid v. Ross*, 22 L. R. A. 187.

Error to Wayne.  (Hosmer, J.)    Argued October 24, 1894.  Decided December 28, 1894.

*Assumpsit.*  Plaintiff brings error.  Affirmed.  The facts are stated in the opinion.

*Brennan, Donnelly & Van De Mark,* for appellant.

*Walter Barlow,* for defendant.

HOOKER, J.  The plaintiff contracted with the defendant for the delivery f. o. b., Detroit, of a quantity of Medina paving stone, the same to answer the requirements of Detroit specifications, of which defendant had a copy. The contract was made by correspondence.  At request of defendant, the plaintiff advanced $2,500 upon the contract, and afterwards made other payments, leaving a balance of $1,338.47.  The requisite amount of stone was shipped to Detroit, where it was unloaded, and used by the plaintiff upon its paving jobs, upon which it was at work.  It is claimed upon its behalf that the stone did not conform to the specifications, rendering it necessary to put work upon them, of which it seasonably informed the defendant, with the suggestion that he might send men to do such work if he chose, and that he did send men who did some such work.   This action was brought by the purchaser, which claimed a balance its due of $684.49 for such work done by it and for some broken stone.   The defendant claimed the amount of $1,338.47.  The defendant recovered $1,462.30, which probably included some interest.

The court instructed the jury that—

"There can be no question, with reference to this executory contract, that the acceptance by the Talbots in the first instance precluded their recouping, as we may say, for the character of the stone, because it did not

come up to the Detroit specifications. In other words, they had the opportunity to examine the stone as it was delivered on the cars in this city, and, unless there was something further than that,—unless there was some other promise on the part of the defendant,—then the defendant would be entitled to a verdict at your hands for the amount claimed, viz., $1,338.47, with interest from November 5, 1892."

The court instructed the jury further that if they should find that the defendant came to Detroit, and agreed with the plaintiff to pay for the work mentioned, there was a moral consideration that would support the promise, and the amount should be allowed to the plaintiff.

The principal question in this case is whether the plaintiff, by receiving and using the stone, accepted them as a full compliance with the contract, or whether it had a right to take them, and recover its damages, by way of recoupment or action, growing out of their failure to equal the specifications. There are cases which hold that an acceptance of goods precludes such recovery, and there are others which hold the contrary. On principle, the distinguishing feature seems to be a warranty. If the sale is without a warranty, and affords an opportunity for ascertaining whether the goods conform to the description, the doctrine of *caveat emptor* applies, and an acceptance cuts off all rights of recovery. The vendee should decline to receive the goods, and sue for a breach of the contract. If, on the other hand, the sale is with a warranty, the vendee may lawfully receive the goods, and recover or recoup damages upon the warranty, which is held to be a collateral undertaking. It is believed that this principle is generally recognized. In addition to cases cited by counsel,[1] see *Pierson v. Crooks*, 115 N. Y. 539. It seems

[1] *Doane v. Dunham*, 65 Ill. 512; *Polhemus v. Heiman*, 45 Cal. 573; *Vincent v. Leland*, 100 Mass. 432; *Lewis v. Rountree*, 78 N. C. 323; *Cox v. Long*, 69 Id. 7; *Gurney v. Railway Co.*, 58 N. Y.

to be in the present case; counsel for appellant insisting that an implied warranty exists, while, upon the other hand, it is said that the provision in relation to the specifications is a condition precedent merely.

The contract was an executory contract, and may fairly be said to have contemplated the manufacture of the curbing from a specified stone, in accordance with specified dimensions and workmanship. If the agreement to furnish such stone of the specified dimensions was a warranty at all, it is difficult to understand why it was not an express warranty, and, if it was such, there can be no implied warranty that the stone should conform to the specifications. Indeed, this does not seem to be claimed. These things were a necessary part of the description of the commodity, and nothing more, unless the face of the contract justifies the conclusion that it was intended as a warranty. Neither party asserts this, and so we turn to the question of implied warranty. The exact point made by plaintiff appears to be that, inasmuch as the defendant knew what the specifications were, the law implied a warranty of fitness. A pertinent inquiry is, "A fitness for what?" Was it fitness for the paving jobs that the plaintiff had on hand? If this be claimed, it is a sufficient answer to say that the evidence fails to disclose that the defendant knew what jobs plaintiff had. Moreover, if the law is to imply that the stone were to be fit for the job, it must be because defendant knew what the job actually required, and had undertaken to provide that, and his liability would be tested by that. But this was not so. He only knew what the specifications required. They might be right or wrong. He had no means of determining, and it was not left to defendant's judgment to make suitable

858; *Kellogg v. Denslow*, 14 Conn. 411; *Hull v. Belknap*, 37 Mich. 179; *Forcheimer v. Stewart*, 65 Ia. 593; *Babcock v. Trice*, 18 Ill. 420; *Brantley v. Thomas*, 22 Tex. 270.

stone for the jobs. He had simply undertaken to deliver certain stone of given dimensions. If he should deliver such he would be entitled to pay. If he did not, it could hardly be claimed that he could require acceptance on the ground that the stone were suitable, or better adapted to the purpose of the plaintiff than as though made according to direction. Clearly, if plaintiff had furnished specifications, and had a right to insist on the stone being in conformity thereto, regardless of defendant's judgment, it could not sustain the proposition that the law should imply a warranty to make them conform to some other test; and manifestly it cannot be said that knowledge of the use intended should require defendant to vary from his contract as to dimensions. The conclusion appears to us irresistible that no such warranty as this can be implied.

*Breen v. Moran,* 51 Minn. 525, is cited as a case "upon all fours" with this, but we infer from a perusal of that case that the contractor there undertook to furnish stone for a particular purpose which he understood; and in that case the court based the right to recover upon a warranty, and not the failure to perform a condition precedent, thus recognizing the rule of law stated. The distinction between conditions precedent and warranty is clearly recognized in the Minnesota cases cited in *Breen v. Moran.* See *Maxwell v. Lee,* 34 Minn. 511; *Thompson v. Libby,* 35 Id. 443.

An examination of the brief of the plaintiff's counsel will show. that all of the cases cited are based on the existence of a warranty. In this respect they are in harmony with the cases cited by opposing counsel.[1] See

---

[1] *Comstock v. Sanger,* 51 Mich. 497; *Roebling's Sons Co. v. Hematite Co.,* 70 Id. 346; *McFadden v. Wetherbee,* 63 Id. 390; *Day v. Pool,* 52 N. Y. 420; *Manufacturing Co. v. Allen,* 53 Id. 515; *Parks v. Tool Co.,* 54 Id. 590; *Gurney v. Railway Co*, 58 Id. 364.

*Potter v. Lee,* 94 Mich. 140.   We notice one or two that seem to rest upon facts leading to the inference that a warranty may have been found from a bare promise to deliver goods of a given description.   Such is perhaps the rule in North Carolina, and possibly other states.   But if such can be called a warranty, it is an express warranty, and in this case would be a warranty to deliver stone according to specifications, and not a warranty to deliver those fit for the purpose that plaintiff had in hand, whatever that may have been.   The correctness of those decisions may be questioned in view of the English and American cases in opposition to them.   They seem to be based upon language of Mr. Starkie in his work on Evidence, and a discussion to be found in notes to the case of *Cutter v. Powell* in 2 Smith, Lead. Cas. 1, substantially implying that when the vendee uses the goods to prevent loss or injury the rule should not apply.   See *Cox v. Long,* 69 N. C. 7; 2 Smith, Lead. Cas. (6th Amer. ed.) p. 36. But as counsel have not discussed the point, or planted their case upon any such claim, we do not feel called upon or at liberty to discuss or decide the question.

It was claimed by the plaintiff that the defendant came to Detroit, and agreed to pay for the work in question. The court instructed the jury that plaintiff should recover if they found such to be the fact, which was as favorable a charge as the plaintiff was entitled to.

This view of the case renders it unnecessary to discuss the question in relation to the admission of evidence of the meaning of the term "f. o. b.," as the plaintiff was not injured by the evidence.

The judgment must be affirmed.

The other Justices concurred.