GEORGE A. WHEATON and Another v. ERICK LUND.[1]

May 10, 1895.

Nos. 9184—(45).

**Breach of Contract—Measure of Damages.**

The plaintiffs agreed, for a gross sum, to furnish defendant the entire wood for the inside finish of a house, the wood for two rooms to be first-class mahogany. When the wood for these two rooms was delivered, the defendant objected to it as not being first-class mahogany; but the plaintiffs, insisting that it was, agreed that if defendant would use it, and it proved not to be first-class mahogany, "he need not pay anything for it." The wood, upon being used in the rooms, proved to be inferior to the quality contracted for. In an action to recover the contract price for the entire job, *held*, that defendant was entitled to have deducted the reasonable value of the wood for the two rooms of the quality contracted therefor, and not merely the value of the inferior wood actually furnished.

Appeal by defendant from an order of the district court for Hennepin county, Russell, J., denying a motion for a new trial. Reversed.

*Kitchel, Cohen & Shaw,* for appellant.

*Shaw & Cray,* for respondents.

MITCHELL, J. This was an action to recover a balance due on a contract under which plaintiffs furnished to defendant, for the agreed gross sum of $1,410, the entire mill work for the inside finish of a house, the wood for two rooms to be mahogany. The defendant in his answer alleged that the agreement was that the wood for these two rooms was to be first-class mahogany; that, when plaintiffs delivered the wood at the building, defendant objected to it, as not being first-class mahogany; that plaintiffs asserted that it was, and requested defendant to use it in the building, and agreed with him that if he would so use it, "he need not pay for the same, or any part thereof, unless it was in fact first-class mahogany"; that relying on this representation and agreement, and not otherwise, defendant used the wood in finishing the

[1] Reported in 63 N. W. 251.

two rooms; that in fact it was not first-class mahogany, but a much inferior, cheaper, and less durable wood.

The defendant introduced evidence reasonably tending to prove each and all of these allegations of his answer. For the purpose of proving his damage, the defendant offered to prove the difference between the value of the house as it was, with the inferior wood, and what its value would have been, had the wood been according to the contract. This evidence the court excluded. The defendant then offered to prove the value of the mill work for these two rooms, had it been first-class mahogany. This evidence the court also excluded, holding that inasmuch as the defendant had used the wood under the agreement of the plaintiffs that, if it was not according to the contract, "he need not pay for it," defendant could only prove the value of the wood that actually went into the two rooms. The ruling of the court can only mean that, inasmuch as defendant used the wood under an agreement that, if it was not according to contract, he need not pay anything for it, therefore all he was entitled to have deducted from the contract price of $1,410 was the value of the inferior wood actually used. To illustrate, suppose this wood was worth $300. Then this sum should be deducted from $1,410, and a recovery had against him for $1,110. But, if the wood was worth only $100, then only that amount should be deducted from the contract price, and a recovery had against defendant for $1,310. In other words, the poorer the wood actually furnished, the more plaintiffs were entitled to recover. Upon this theory, the defendant would obtain redress inversely according to his damage. We think the court placed a wrong construction upon the agreement of the parties. Assuming that this was a binding agreement (and neither party suggests that it was not), it evidently meant that if the wood, after being put into the building, proved not to be according to the original contract, defendant would not have to pay anything for the mill work for these two rooms. That the court's ruling would not work out this result will be apparent on a moment's reflection. Suppose that of this gross amount, of $1,410, the sum of $300 was on account of the mahogany finish for these two rooms, but that the inferior wood actually furnished was worth only $100. Then, upon the theory of the trial court, defendant would be compelled to pay $200 for it. If the

original contract had been only for the woodwork for these two rooms, then it would be clear that, under this subsequent agreement, defendant would not have to pay anything in case the wood proved not according to the contract. But the fact that the contract was an entire one, to furnish this and other material for a gross sum, does not change the rule. The only difference is that, inasmuch as the purchase price was a gross sum, there would have to be deducted from it the reasonable value of material for these two rooms, of the quality contracted for. Laying out of view this subsequent agreement, the measure of defendant's damages would be in accordance with his first offer, viz., the difference between the value of the house with the inferior wood in it and its value with wood of the quality contracted for, which, of course, could not exceed the cost of replacing the inferior wood with material of the quality called for by the contract, so that in either view the court limited the proof to an incorrect measure of damages.

With a view to another trial, we may suggest that "first-class mahogany" is not to be construed as meaning the best class of mahogany used for any purpose, but as good a quality as is ordinarily used for house finishing.

Order reversed.