## GORMAN *v*. KENNEDY.

CONTRACT—CONSTRUCTION—MODIFICATION BY PAROL.

*Plaintiff sold to defendants under written contract a specified amount of curbstone. Defendants, after that contract was made, sent another order. Both orders were filled, accepted, and paid for. Defendants testified to a subsequent parol contract, by which the price was reduced, plaintiff guaranteed the stone should be up to the specifications of the board of public works, and agreed to reimburse them for expense incurred by the failure to comply with such specifications. Plaintiff denied the oral agreement, except as to the reduction in price. *Held*, that the question of an oral contract was properly submitted to the jury, and that the inspection agreed upon was not upon the cars, but upon the streets where the inspection was made by the board of public works.*

*Head-note by GRANT, J.

Error to Wayne; Steere, J., presiding. Submitted February 12, 1901. Decided March 26, 1901.

*Assumpsit* by Charles A. Gorman against Thomas Kennedy and Thomas J. Kennedy, copartners as Thomas Kennedy & Son, for goods sold and delivered. From a judgment for defendants, plaintiff brings error. Affirmed.

During the season of 1891, plaintiff was engaged in the business of quarrying stone at Medina, N. Y.; and the defendants, as copartners under the firm name of Thomas Kennedy & Son, in the business of paving streets in the city of Detroit, required Medina curbstone, and corner stone or circles, for their use in the contracts which they had with said city for paving streets therein. On July 7, 1891, they entered into the following written agreement:

"I hereby agree to deliver to Thomas Kennedy & Son, f. o. b. cars at Detroit, Mich., 6,800 lin. ft. of 4x18 curb, not less than 3 ft. long, and 1,200 lin. ft. of 4x18 curb, not less than 4 ft. long, on or before July 20, 1891, railroad delays excepted, at 40 cts. per lin. ft. Cash or drafts to be accepted at five days after shipment.
                    "CHARLES A. GORMAN.
     "I hereby accept the above proposition.
                    "THOMAS KENNEDY & SON,
                    "Per T. J. KENNEDY."

On the same date, but after the above contract was made, defendants wrote plaintiff to send them 10 to 20 circles of 4-foot radius with the first shipment. These orders were filled, and more shipped than was ordered; but as to them no question is raised, as they were received and paid for. Defendants claim to have made another parol contract on August 6th, by which the plaintiff agreed to ship stone at 39 cents per lineal foot, and to guarantee it up to the specifications of the board of public works of Detroit, and that, if it was not up to such specifications, he would reimburse defendants for what expense they were put to for handling it. Plaintiff admits a con-

versation with defendants at Detroit, but places the time as the last of July or the first of August, and claims that all subsequent orders and shipments were made under the above written agreement, and that the only change was to reduce the price from 40 to 39 cents per lineal foot. On August 11th defendants sent an order for two cars. At the same time they wrote plaintiff, complaining of the character of the stone, and closed the letter by writing:

"I want no culls, and nothing less than 3 feet long, at 39c. a lin. foot on cars at. Detroit; 30 days' time, on draft."

.Other orders and shipments were made afterwards. Defendants paid for all the stone shipped, deducting $556.95 for expenses incurred on account of the unfitness of some of the stone, and its failure to pass the inspection of the board. The greater part of the expense was incurred in redressing some of the stone. For this amount plaintiff brought suit. Verdict and judgment were for the defendants.

*Walter Barlow*, for appellant.

*Edwin Henderson*, for appellees.

GRANT, J. (*after stating the facts*). Plaintiff insists that this case is ruled by *Talbot Paving Co.* v. *Gorman*, 103 Mich. 403 (61 N. W. 655, 27 L. R. A. 96). If this stone were sold under the contract of July 7th, this contention should prevail. But all the stone sold under that contract had been delivered, and no controversy arises over it. Defendants testified to another oral contract, by which the price was reduced, and plaintiff guaranteed the stone to be up to the specifications of the board of public works, and agreed to pay all expense incurred by defendants if it was not up to the guaranty. Plaintiff admitted a change in price, but denied any other oral agreement, and claimed that all the stone were shipped under the contract of July 7th. The jury found with the defend-

ants, and there was testimony to sustain their verdict. The inspection by the board of public works was made upon the streets where the stone was used, and this was known to the plaintiff. The expression, therefore, "on cars at Detroit," or "f. o. b. cars at Detroit," did not mean the place agreed upon for inspection and acceptance, but only defined the place where the expense of transportation of plaintiff ceased and that of the defendants began.

The judgment is affirmed.

The other Justices concurred.