## Lemke, Respondent, vs. Hage, Appellant.

*February 22—March 15, 1910.*

(1) *Appeal: Review: Questions of fact.*  (2–4) *Contracts: Drilling of
    well: Implied guaranty of success: Custom: Evidence.*  (5) *New
    trial: Newly discovered evidence.*

1. If the evidence upon an issue is conflicting, the verdict of the
   jury is decisive.
2. A contract to drill a well does not imply that water shall be ob-
   tained or that the well will be a success as to either the quan-
   tity or quality of the water.
3. In order that a particular custom or usage shall be considered
   as part of a contract, it must be so well established, uniform,
   and notorious that the parties must be presumed to have known
   it and to have contracted with reference to it; and the proof
   of such custom must be positive, clear, and satisfactory.
4. A particular custom or usage to the effect that one who under-
   takes to drill a well is not entitled to compensation unless a
   reasonably sufficient supply of water is obtained, was not es-
   tablished by the testimony of two witnesses that they followed
   such practice in their own business.
5. It is not an abuse of discretion to deny a motion for new trial
   based on newly discovered evidence, where such evidence is
   merely cumulative.

Appeal from a judgment of the circuit court for Brown
county: S. D. Hastings, Circuit Judge. *Affirmed.*

This is an action to recover the sum of $580.50, alleged to
be due for materials and labor furnished in digging, drilling,
piping, and constructing a well. It is alleged that the agree-
ment for the construction of the well was made in February,
1902, and that thereby the defendant was to pay $1.25 per
foot for the drilling where the plaintiff furnished the piping,
seventy-five cents per foot if defendant furnished it, and also
$1 per foot for drilling in rock. Drilling was commenced on
March 5, 1902, at a spot designated by the defendant, and
was continued for three or four weeks. At a depth of 120
feet some rock was struck through which the drilling could

not be continued and the hole was abandoned. Plaintiff tes-
tified that the defendant informed him that he expected a
supply of water at a depth of from seventy-five to 100 feet.
A new hole was drilled and continued to the depth of 480
feet. Plaintiff claims that he was unable to drill deeper
with his apparatus and that the defendant authorized him to
secure a well driller who could continue the well, but that he
refused to allow the work to proceed when he learned that
the cost for continuing the work would be greater than the
price agreed upon with the plaintiff. The amount claimed is
for drilling at the agreed charge for drilling, for piping, for
a steel shoe, and for pulling out the pipe from the first hole.
No new agreement was made for the drilling of the second
hole. Water had been obtained at various depths and when
the drilling was stopped, but not in sufficient quantities to
supply the needs of the defendant.

The defendant in his answer to the complaint claims that
the plaintiff failed to furnish him with a reasonably sufficient
supply of water, and that he is therefore not entitled to any
compensation. He alleges that it is a custom in Brown
county, where the well was drilled, that a well digger who un-
dertakes to construct a well upon the terms on which the
plaintiff agreed to dig his well receives no pay for his work
unless a reasonably sufficient supply of water be obtained.
The defendant also presents a counterclaim in the sum of
$200 for board furnished the plaintiff's employees while they
were working at the drilling, for feed furnished for plaint-
iff's horse, for fuel furnished and water hauled for plaintiff's
steam engine which was used in drilling the well, and for the
services of his son in assisting the plaintiff. These, except
the services of his son, the defendant had agreed to furnish
while the well was being dug.

The jury found that the plaintiff did not agree to furnish
the defendant with a reasonably sufficient supply of water;
that there was not such a supply in the well when the plaint-

iff ceased drilling; that there was a custom in Brown county, at the time of the contract, that a well digger should receive no pay for his work unless a reasonably sufficient supply of water was obtained; and that $160 was the value of the board furnished by the defendant to plaintiff, the wood for the engine, and defendant's services in furnishing water for the engine. Of the various motions made, the court granted the one to change the answer to the question whereby the jury found to the effect that there was a particular custom in Brown county not to pay a well digger for his work unless he furnished a reasonably sufficient supply of water. This action of the court was based on the ground that the evidence introduced by the defendant to establish such a custom tended only to establish particular instances and wholly failed to show such a custom. Judgment was ordered in plaintiff's favor.

Upon defendant's motion for a new trial, several affidavits were presented to the court upon the question of the particular custom regarding paying for well diggers' work in the event that a reasonably sufficient supply of water was not obtained, but the court denied the motion, holding that the affidavits did not establish a good ground for granting a new trial on such alleged newly discovered evidence. This is an appeal from the judgment in favor of the plaintiff.

For the appellant there was a brief by *Wigman, Martin & Martin,* and oral argument by *Joseph Martin.*

For the respondent there was a brief by *Calkins & McGruer,* and oral argument by *L. A. Calkins.*

SIEBECKER, J. The issues litigated between the parties turn largely on the question of whether or not plaintiff contracted to construct a well on defendant's premises at the stipulated price, with a guaranty that such well would furnish a good and sufficient supply of water for defendant's farming and domestic purposes. Upon the evidence adduced the jury found that the plaintiff did not expressly agree to

construct such a well.   Since the evidence was in conflict on
this issue, the verdict is decisive thereof.

Defendant claims that a contract to dig a well is an agree-
ment to furnish such a supply of water.   In *Butler v. Davis,*
119 Wis. 166, 96 N. W. 561, it was declared that a contract
to drill a well did not imply that water should be obtained or
that it would be a success as to quantity or quality.   The de-
fendant contends that if the contract to dig the well embodied
no such implication, then, under an alleged well-established
custom in the well-digging business to the effect that a party
who undertook the digging of a well was not entitled to com-
pensation unless a reasonably sufficient supply of water was
obtained, plaintiff was required to furnish such a well as
part of the agreement.   The court received evidence concern-
ing the existence in Brown county of this alleged custom and
submitted an inquiry in the special verdict upon this ques-
tion.   The jury answered it by a finding that such a particu-
lar custom existed in the county.   After verdict the court
held that the evidence did not sustain this finding of the jury
and changed the answer to this question, thus negativing the
existence of this custom.   The defendant insists that the evi-
dence was ample to sustain the finding of the jury and con-
tends that the changing of the answer by the court was error.
Proof of a particular custom or usage must be positive, clear,
and satisfactory.   In speaking on this subject, this court, in
an early case (*Power v. Kane,* 5 Wis. 265), declared:

"It is not readily adopted by courts, and the proof of such
usage must be clear and explicit, and the usage so well estab-
lished, uniform, and so notorious that the parties must be
presumed to know it, and to have contracted in reference to
it." See, also, *Hinton v. Coleman,* 45 Wis. 169.

An examination of the evidence of the two witnesses testi-
fying on this subject discloses that their information respect-
ing the alleged custom was very indefinite and unsatisfactory,
and failed to show that such a custom was "so well estab-
lished, uniform, and so notorious" that persons of this com-

munity would be presumed to know it and to contract with reference to it. In effect the evidence shows that the witnesses testifying followed such a practice in their own businesses, but it falls far short of showing that persons generally knew of it and contracted with reference to it. We are of the opinion that the court properly held that the jury's finding that such a particular custom or usage existed was not supported by the evidence.

It is contended that the court erred in awarding judgment to the plaintiff on the verdict as amended by the court, for the reason that it fails to determine whether or not plaintiff was justified in abandoning the contract. The plaintiff testified that he proceeded with the construction of the well to the depth of the capacity of his machinery and appliances and so informed the defendant; that defendant assented to his proposal to engage another well digger to proceed with the construction; that he engaged another well digger, but that the defendant refused to permit such digger to proceed with the work at the cost demanded; and that he therefore ceased further efforts to complete the well. The defendant's denial of the plaintiff's testimony raised an issue of fact. Since the jury were not requested by their verdict to make a finding on this issue, it must be held to have been determined by the court in accordance with the judgment awarded, under sec. 2858m, Stats. (Laws of 1907, ch. 346). In the light of the conflict of evidence on the question, plaintiff's testimony is sufficient to support the court's finding.

It is averred that the court erred in denying the motion for a new trial based on newly discovered evidence. The alleged newly discovered evidence bears on the questions litigated and is additional to the evidence produced on the trial. The court's conclusion that the facts presented were not sufficient to present a good ground for a new trial is well supported. It did not abuse its discretion in refusing a new trial.

*By the Court.*—Judgment affirmed.