GILL & CO. *v.* NATIONAL GASLIGHT CO.

1. SALES—WARRANTY OF FITNESS.

The seller of manufactured products, upon order, to a buyer who advises the seller of the use to which they are to be put, impliedly warrants that they are suitable and fit for that use.

2. SAME—EXCEPTION—SPECIFICATIONS.

In case the purchaser furnishes specifications to be followed in the manufacture of the articles, however, no such warranty is implied.

3. SAME.

If specifications as to quality are omitted, the seller impliedly warrants that the quality is suitable for the use intended.

4. SAME—CONSTRUCTION OF ORDER OR CONTRACT.

Where defendant ordered certain glass lamp globes, to be manufactured according to specified sizes and shapes, and of the same glassware as that furnished by plaintiff to another firm, the order specified the quality, which must be the same as plaintiff furnished to the firm mentioned by defendant, and no warranty of quality could be implied.

5. SAME—WARRANTY—DEFECTIVE GOODS.

Having accepted the globes furnished under the contract, de-

---

[1]As to implied warranty of fitness of a particular article purchased from a manufacturer or producer for a particular use, see notes in 15 L. R. A. (N. S.) 855; 31 L. R. A. (N. S.) 783, and 34 L. R. A. (N. S.) 737.

fendant lost its remedy for defects arising from noncompliance with its specifications.

Error to Kalamazoo; Knappen, J. Submitted June 6, 1911. (Docket No. 3.) Decided October 7, 1912. Rehearing denied December 18, 1912.

Assumpsit by Gill & Company, a foreign corporation, against the National Gaslight Company for the price of certain globes. A judgment for plaintiff on a verdict directed by the court is reviewed by defendant on writ of error. Affirmed.

*Harry C. Howard,* for appellant.

*Robert L. Campbell,* for appellee.

BIRD, J. The plaintiff is a glass manufacturer of Philadelphia. The defendant is a manufacturer of gas fixtures at Kalamazoo. Early in the year 1908 the defendant was the owner of a new inverted arc lamp, which it was getting ready to place upon the market. It was in need of the glassware to complete the lamp, and it ordered from plaintiff some globes to be manufactured according to certain specifications outlined in the order as to size and shape, and advised that the glassware desired was the same as that formerly furnished by plaintiff to Martin & Co., of New York. A sketch or outline of the globes desired was subsequently forwarded to plaintiff to serve as a guide in the manufacture of them. A few samples were made and sent to defendant. From these samples a quantity of lamps was ordered by defendant and placed with their patrons. The lamps appeared to be a success and to meet the demands of the trade save in one particular; the breakage was too great. Attempts were made to overcome this difficulty by making changes in the lamp. Succeeding orders for the globes were accompanied with suggestions requesting slight changes in the construction of them, which were complied with by plaintiff. The at-

tempts of defendant to obviate the difficulty continued for several months and until it began to purchase its glassware from another manufacturer, when it discovered what it now insists upon was the defect. Only a limited number of globes was ordered from plaintiff and all of them were accepted. Some were paid for, and none were returned.

This suit was begun by plaintiff to enforce the payment of a balance of $438.46 owing it for globes furnished. The defendant set up the defense that there was an abnormal breakage of globes furnished by plaintiff, and that it was due to a defect in the quality of the glass, and also to defective workmanship in grinding them. It claimed that out of the dealings of the parties the law raised an implied warranty on the part of the plaintiff that the lamps were reasonably fit and suitable for the intended use, and that as they were not, the defendant claimed the right to recoup its damages. The plaintiff's position was that defendant ordered the lamps, furnishing specifications therefor, and that the lamps were manufactured in accordance therewith, that defendant got just what it ordered, and that, if they were not suitable for its trade, it was defendant's fault and not plaintiff's. It was denied by plaintiff that, when goods are purchased under such circumstances from a manufacturer, the law implies any warranty as to construction or quality. The trial resulted in a direct verdict for plaintiff for the full amount of its claim; the trial court expressing the view that, under the law and facts of the case, no implied warranty was established.

Ordinarily, when goods are purchased from a manufacturer and he is advised of the use that is to be made of them, the law raises an implied warranty upon his part that they are reasonably fit and suitable for such use. 2 Mechem on Sales, § 1343.

There is an exception to this rule, however, where the buyer furnishes the specifications to be followed in the manufacture of the articles. In such cases the law raises no implied warranty. *Id.* § 1350. *Talbot Paving Co.*

v. *Gorman*, 103 Mich. 403 (61 N. W. 655, 27 L. R. A. 96). Measured by this rule and its exception, the facts disclosed by the record appear to bring the case within the exception to the rule.

There appears to be no serious conflict between counsel as to the foregoing propositions, but defendant's counsel seeks to avoid the plaintiff's conclusion by claiming that as to quality the defendant furnished no specifications, and that, if it did not, the law would raise an implied warranty that the quality was reasonably suitable for the use intended. Counsel is undoubtedly correct in his statement of the law (Mechem on Sales, § 1352; *Little* v. *G. E. Van Syckle & Co.*, 115 Mich. 480 [73 N. W. 554]), but we think he is wrong in his statement of fact. Specifications were furnished for the size and shape of the globes and the glassware was to be such as was formerly used by Martin & Co. This language fairly construed would include the element of quality. If the glassware was to be the same as that furnished Martin & Co., it must have been the same quality. We are of the opinion that the order of defendant undertook to and did make directions as to size, shape, and quality, and that the general rule as to the liability of a manufacturer does not apply.

There was, however, an implied contract that the globes ordered should comply with the specifications, but this was not a warranty which would survive their acceptance. *Farrington* v. *Smith*, 77 Mich. 550 (43 N. W. 927); *Talbot Paving Co.* v. *Gorman, supra; Williams* v. *Robb*, 104 Mich. 242 (62 N. W. 352); *Buick Motor Co.* v. *Manufacturing Co.*, 150 Mich. 118 (113 N. W. 591); *Remy, Schmidt & Pleissner* v. *Healy*, 161 Mich. 266 (126 N. W. 202, 29 L. R. A. [N. S.] 139, 21 Am. & Eng. Ann. Cas. 74); *Columbus, etc., Iron Co.* v. *See*, 169 Mich. 661 (135 N. W. 920).

Nothing can be claimed under this warranty, as defendant accepted all the globes furnished by plaintiff. It sold a part of them, but never rejected and returned the re-

mainder. After defendant discovered what the precise trouble was, it did not return them, but demanded a rebate on some of them, and it was allowed. When urged by plaintiff to remit the balance due it, defendant pleaded for further time, that it might have an opportunity to dispose of the globes yet on hand. It was the duty of defendant to reject the globes as soon as it discovered they were defective. Not having done so, there is no other alternative but to pay the contract price. *Columbus, etc., Iron Co.* v. *See, supra.*

The judgment of the trial court is affirmed.

MOORE, C. J., and MCALVAY, STONE, and OSTRANDER, JJ., concurred.