NATHAN KRONMAN & CO. v. GARDELLA.

1. SALES—WARRANTY—IMPLIED WARRANTY.
    Where defendant ordered of plaintiff 25 barrels of strictly
    fancy, sound, large bunches of grapes, and, after selling
    two barrels, discovered, by making an inspection, that the
    grapes did not conform to the description, he was en-
    titled, in an action for the purchase price, to a judgment
    on the implied warranty that the grapes were like the
    description. And it was the defendant's duty to inspect
    the goods within a reasonable time after their arrival, and
    either reject them or pay the price.

2. SAME—WAIVER—DELAY—ESTOPPEL.
    That defendant sold two barrels before he inspected the
    grapes, did not deprive him of his right to rely on the
    implied warranty, where he acted promptly, and rejected
    the remainder at once, upon discovering their condition.
    No estoppel to claim noncompliance with the order arose
    from his act in making a sale before inspection.

Error to Kent; Brown, J. Submitted June 22, 1915.
(Docket No. 115.) Decided March 31, 1916.

Assumpsit in justice's court by Nathan Kronman
& Company, a foreign corporation, against John G.
Gardella for the price of certain grapes. From a
judgment for defendant, plaintiff appealed to the cir-
cuit court. Judgment for defendant by the court sit-
ting without a jury. Plaintiff brings error. Affirmed.

*George C. Brown*, for appellant.

*H. Monroe Dunham* and *John M. Dunham*, for ap-
pellee.

BIRD, J. The defendant is a retailer of fruits in the
city of Grand Rapids. In the month of December,
1910, Sumner N. Wells, of Wells & Co., fruit brokers in

the same city, called upon defendant and advised him that they had received a telegram from Clarence E. Tucker & Co., fruit brokers in New York City, to the effect that they had for sale a "quantity of strictly fancy, sound, large bunches of grapes," stating the price therefor, and asked defendant if he could use some of them. Defendant gave him an order for 25 barrels of the grapes described. Several days thereafter defendant received from Nathan Kronman & Co., the plaintiff, an invoice for 25 barrels of grapes. It appears that the plaintiff is a wholesaler of fruits in New York City, to whom Tucker & Co. had turned over the order. Upon learning the grapes were at the station he sent for them, and while they were on the dray in front of his store, he sold two barrels of them to Fabiano & Son, retailers of fruit in Holland. The two barrels were shipped to them at Holland at once, and the other 23 barrels were unloaded at defendant's store. Soon after he inspected them, and found that they were not the kind of grapes he ordered, and he immediately notified Wells & Co., of whom he had purchased them. Wells & Co. admitted that they were not the kind of grapes described by the telegram, and advised defendant to do nothing with them until they could communicate with Tucker & Co. of New York. Following this, more or less correspondence took place between Wells & Co. and the New York firms, and between the latter and the defendant, but no adjustment was reached, and this suit was brought by the plaintiff to recover the contract price of the grapes.

A considerable discussion is indulged in the briefs as to the relation in which these several parties stood to each other. If I understand the position of defendant correctly, it is unnecessary to decide these questions, as he is making no point of a defect of parties to the suit. His position is that he bought 25 barrels of strictly fancy, sound, large bunches of grapes; that

plaintiff filled the order; that he was willing to accept and pay for them if they had been what he ordered, whoever shipped them. The important questions therefore under this defense are:

(1) Were the grapes of the kind that he ordered?
(2) Did the defendant by his conduct accept the grapes, and thereby preclude himself from refusing to pay for them?

1. The testimony was in serious conflict as to whether the grapes were as ordered. Plaintiff's witnesses testified that they were, and defendant's testified they were not. We think, however, upon the whole, that the finding of the circuit judge that the grapes were not as represented is sustained by evidence and should not be disturbed.

2. This was a sale by description and therefore carried with it an implied warranty that the grapes were as described. It was defendant's duty upon receipt of the grapes to examine them within a reasonable time after their arrival, and either reject them or pay the contract price therefor. *Farrington* v. *Smith*, 77 Mich. 550 (43 N. W. 927); *Talbot Paving Co.* v. *Gorman*, 103 Mich. 403 (61 N. W. 655, 27 L. R. A. 96); *Williams* v. *Robb*, 104 Mich. 242 (62 N. W. 352); *Buick Motor Co.* v. *Manufacturing Co.*, 150 Mich. 118 (113 N. W. 591); *Remy, Schmidt & Pleissner* v. *Healy*, 161 Mich. 266 (126 N. W. 202, 29 L. R. A. [N. S.] 139, 21 Am. & Eng. Ann. Cas. 74); 2 Mechem on Sales, § 1392; *Columbus, etc., Coal & Iron Co.* v. *See*, 169 Mich. 661 (135 N. W. 920); *Gill & Co.* v. *Gaslight Co.*, 172 Mich. 295 (137 N. W. 690).

The defendant insists that he did inspect them within a reasonable time after they arrived, and that he notified the parties of whom he purchased that he would not accept them. That he inspected them promptly is not seriously denied, but the point is made

that he sold a portion of them, and that by his act in so doing he conclusively accepted them. We cannot agree with this conclusion. Had defendant sold a portion of the fruit after he had had reasonable opportunity for inspection, or after he had inspected them, it is doubtless true he would have been estopped from afterwards rejecting them, but such was not the case. The record shows without contradiction that he sold and delivered two barrels of them at the station before he made an examination of the remaining barrels at his store. Under these circumstances, we do not think he is estopped from rejecting them after making the sale. In *Farrington* v. *Smith*, 77 Mich. 550 (43 N. W. 927), where a similar question was before the court, it was said:

"The defendant had the duty laid on him of finding out, with no unreasonable delay, the quality of the teas. As soon as complaints arose it was his duty to investigate at once, and to make up his mind what he would do. He had no right to offer them for sale thereafter, and at the same time repudiate the bargain. What he sold before being led to suspicion would not affirm the purchase for the remainder; but it was his business to make no further sales except on his own account, and it was his duty to notify plaintiffs at once of his decision."

There seems to be little question that the defendant examined the grapes within a reasonable time, and that he at once notified Wells & Co., the local brokers, that he would not accept them. The two barrels which were sold to Fabiano & Son were likewise rejected for the same reason, and the grapes were afterwards held subject to the order of the plaintiff. We are of the opinion that the inspection made of the grapes by defendant was as prompt as could be expected under the circumstances, and that he rejected them within the reasonable time which the law allows for so doing.

The judgment of the trial court in favor of defendant must be affirmed.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.