### F. J. SKALSKY v. C. G. JOHNSON.[1]

November 9, 1917.

No. 20,525.

**Contract to drill well — warranty as to quality of water.**

Where a farmer, desiring water for farm use, hires a well-driller to drill a well in a particular place, there is no implied warranty by the well-driller of the quality of the water which may be obtained.

[1]Reported in 164 N. W. 978.

Action in the district court for Jackson county to recover $354.35 for work done and materials furnished in drilling a well. The case was tried before Nelson, J., who directed a verdict in favor of plaintiff for $408.56. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Knox & Faber,* for appellant.

*E. H. Nicholas,* for respondent.

HALLAM, J.

Plaintiff is a well-driller. Defendant is a farmer owning a farm in Martin county. The parties entered into an agreement in writing by which plaintiff agreed "to get for the party of the second part (defendant) water, furnish casing * * * and guarantee the well for one year." Defendant agreed "to do all hauling, board the crew and team, pay the party of the first part (plaintiff) $1.55 per foot; paying $50.00 at the time the well is completed and the balance in 30 days thereafter, providing plenty of water. If not water enough in the first vein the party of the first part (plaintiff) will dig deeper for $1.55 per foot." Plaintiff sued for the contract price. The court directed a verdict in his favor. Defendant appeals.

The contract is silent as to the location of the proposed well, but it is admitted that it was contemplated that the well was to be drilled on defendant's farm. Plaintiff drilled a well to a depth of 277 feet and obtained an abundant supply of water. There was no stipulation in the contract as to the quality of the water to be obtained. There is no claim that the well was not properly drilled nor that plaintiff could have obtained better water by drilling deeper or by drilling in any other manner than he did. The defense is that the purpose of drilling the well was to obtain water for farm use and that plaintiff knew of that purpose, and that the water obtained was not fit for that purpose. The contention of defendant is that "a man who undertakes to dig a well on a farm, impliedly warrants that he will furnish water which is reasonably fit for farm uses." The trial court overruled this contention. With this ruling we agree.

There is a well-known rule that where a manufacturer contracts to supply a certain article which he manufactures, to be used and applied to a particular purpose, under circumstances such that the buyer necessarily

trusts to his judgment and skill, there is an implied warranty that the article furnished shall be reasonably fit for the purpose for which it is ordered. Goulds v. Brophy, 42 Minn. 109, 43 N. W. 834, 6 L.R.A. 392; Breen v. Moran, 51 Minn. 525, 53 N. W. 755; Kellogg Bridge Co. v. Hamilton, 110 U. S. 108, 3 Sup. Ct. 537, 28 L. ed. 86. The basis of the rule is that the buyer relies on the seller's skill and judgment to select or prepare something suitable for the buyer's purpose. Farrell v. Manhattan Market Co. 198 Mass. 271, 84 N. E. 481, 15 L.R.A. (N.S.) 884, 126 Am. St. 436, 15 Ann. Cas. 1076. In such cases the purpose is one of the essential matters of the contract, and the seller is bound as a condition of the contract to supply an article reasonably fit for the purpose and is considered as warranting that the article furnished is of such character. This principle was applied in Breen v. Moran, supra, to a contract by a manfacturer of cut stone to furnish granite blocks for use in the construction of a sewer, and in Kellogg Bridge Co. v. Hamilton, supra, to a sale of a contract, including work already done in the construction of a bridge, and it has been applied to sales, by a dealer, of food stuffs intended for immediate consumption. Sinclair v. Hathaway, 57 Mich. 60, 23 N. W. 459, 58 Am. Rep. 327.

We think this rule is not applicable to the facts of this case. The rule applies only so long as the reason for it applies. It has no application where the order is for a specific article of a recognized kind or description, even though the seller is informed that it was to be used for a particular purpose. Wisconsin R. P. Brick Co. v. Hood, 54 Minn. 543, 56 N. W. 165. The rule does not apply where it is well known that the party supplying the article has no power or control over its quality or kind. A party might undertake generally to furnish water for domestic use with no stipulation as to source of supply, and it might well be then implied that the person to whom it was to be furnished trusted to him to procure wholesome water, and the law would imply a warranty to furnish water suitable for domestic use. Brymer v. Butler Water Co. 172 Pa. St. 489, 33 Atl. 707. And a man may in any case be held to warrant against unfitness caused by his own conduct or fault. Gold Ridge M. Co. v. Tallmadge, 44 Ore. 34, 41, 74 Pac. 325, 102 Am. St. 602. But where a contract is to dig a well in a particular place, all the reasons for implying a warranty of the quality of the water to be found are want-

ing. There is no sound reason for holding that because a well-digger agrees to dig a well on a farmer's farm he warrants to the farmer the quality of the water underlying the farm. See Butler v. Davis, 119 Wis. 166, 96 N. W. 561; Lemke v. Hage, 142 Wis. 178, 125 N. W. 440, 135 Am. St. 1066; Omaha Consolidated V. Co. v. Burns, 49 Neb. 229, 68 N. W. 492. We hold there was no implied warranty in this case.

Order affirmed.